UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZORAIDA RIVERA,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 04-12051-MEL<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT UNITED STATES OF AMERICA'S**
**ANSWER TO THE COMPLAINT**

1. Paragraph one sets forth jurisdiction. To the extent a response is necessary, defendant admits this paragraph.

2. Defendant admits this paragraph.

3. Defendant admits this paragraph.

4. Defendant admits that at the time of the accident, Marcos Chavez was driving through the intersection of Andover Street and High Street. Defendant denies the remainder.

5. Defendant denies this paragraph.

6. Defendant admits this paragraph.

7. Defendant denies this paragraph.

8. Defendant denies this paragraph.

9. Defendant admits that Plaintiff presented an administrative tort claim under the Federal Tort Claims Act to the Drug Enforcement Administration. Defendant denies the remainder.

The remainder of this section is a prayer for damages.  To the extent that a response is required, it is denied.

All allegations not specifically admitted herein are specifically denied.

## **Affirmative Defenses**

### **First Defense**

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### **Second Defense**

No negligent act or omission by any employee of the United States, while acting within the course and scope of his duty caused, or in any way contributed to, any damage allegedly sustained by the Plaintiff.  The injuries and damages alleged were not proximately caused by any fault and/or negligence for which the United States is responsible or liable.

### **Third Defense**

The injuries and damages alleged were proximately cause by the fault and/or negligence of the Hector Gutierrez.

### **Fourth Defense**

Plaintiff's  fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.  Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

**Fifth Defense**

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Drug Enforcement Agency.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Jeffrey M. Cohen
       JEFFREY M. COHEN BBO # 643229
       Assistant U.S. Attorney
       John Joseph Moakley U. S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, Massachusetts 02210
       (617) 748-3100
       (617) 748-3969 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2004, the foregoing document was served upon the following:

Michael C. Najjar, Esq.
Marcotte Law Firm
45 Merrimack Street
Lowell, MA 01852
(978) 458-1229

       /s/ Jeffrey M. Cohen
       Jeffrey M. Cohen